UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:25-CR-125 SNLJ ) ) |
| JAMES JOHNSON, | ) ) |
| Defendant. | ) ) |

# SENTENCING MEMORANDUM OF THE UNITED STATES

The United States of America submits its Sentencing Memorandum and seeks imposition of a sentence of imprisonment within the Sentencing Guidelines range of 151—181 months as sufficient, but not greater than necessary, to support the sentencing objectives of 18 U.S.C. § 3553. As an initial matter, the Court should adopt the PSR's Guidelines calculation; specifically, that Defendant James Johnson ("Defendant Johnson") has a total offense level of 34 and a criminal history category of I, resulting in a Guidelines range of 151 to 188 months. (PSR ¶ 79). Defendant Johnson abused the trust of his friends, family and neighbors for the better part of 20 years, and did so, not out of financial necessity or desperation, but out of greed. The United States respectfully requests the imposition of a sentence that reflects the enormity of his crimes.

## ARGUMENT

As the Court is aware, the United States has submitted dozens of victim impact statements in this matter. As those victim impact statements make clear, Defendant Johnson destroyed lives. He destroyed the stability of his community, and he abused the trust of the people who depended on him. In many investment scams, a fraudster takes advantage of the greed of his victims by promising a too good to be true return on their investments, by promising a get rich quick scheme

1

that turns out to be a sham.  But Defendant Johnson's fraud is far more insidious than that; Defendant Johnson did not induce his victims with guarantees of outrageous returns or quick profits.  In fact, what he promised to deliver was the very thing he destroyed: stability.  He promised his investors a moderate, reasonable investment return: 5%.  And he lured his victims in by telling them, not how rich they would get or how quickly they would make money, but by telling them that they were safe.  And to convince his investors that their money was safe, Defendant Johnson intentionally chose to describe the phony investment instrument as a municipal bond.  Because what could be safer than a municipal bond?  When in fact, the municipal bonds were an utter fabrication.  A fiction designed to conceal the fact that Defendant Johnson and Defendant Niswonger were simply pocketing the funds and using them to pay for their lifestyles.

The victims here are not greedy, privileged people looking to get an edge on the market or make easy money.  They are teachers, and truck drivers, and farmers.  They are people whose parents and grandparents worked their entire lives to build nest eggs they could pass on to their children.  All these victims wanted was to be able to take care of their families and pass on to their children enough money to give them some security.  They were not looking to get wealthy or buy vacation properties.  And Defendant Johnson and Defendant Niswonger knew that; they knew that the thing that mattered most to their victims was security, was feeling that their money was safe.  And they chose to manipulate and abuse that need for their own gain.  In one instance, Defendant Johnson even lied to a minor to convince her to give him her money, telling her that he would invest her money only after she turned 18, and then immediately stealing her money (and not investing it at all) before she turned 18 without the supervision of a guardian or parent.  PSR ¶ 22.

Defendant Johnson will likely point to his age, his lack of criminal history, and his endeavors to provide some financial compensation to his victims as factors mitigating against a

Guidelines range sentence.  But if Defendant Johnson had not gotten caught, he would have died having never taken any steps to make his victims whole.  Defendant Johnson had no exit strategy; he had no game plan.  Defendant Johnson's age should not mitigate against a higher sentence; if anything, it weighs in favor of a higher sentence.  The only reason Defendant Johnson stands before this Court as a man in his 70s, and not his 50s, is that he got away with his crime for almost 20 years.  Defendant Johnson should not be able to capitalize on the length of his undetected scheme in order to avoid a Guidelines range sentence.  Defendant Johnson has spent the past two decades enjoying all the good things in life: golf club memberships, tournaments, lavish renovations to a beautiful home, never having to worry about how to provide for his family.  Defendant Johnson has lived a life of comfort and ease built entirely on the backs of his friends and neighbors, who will now worry for the rest of their lives about their financial security.

      The PSR in this case speaks for itself in describing, and then countering, the possible bases for a below-Guidelines sentence:

> Notwithstanding, the defendant and his business partner victimized at least 99 investors over the course of nearly 20 years by operating a Ponzi scheme in the small rural and closely knit community of Perryville, Missouri. The victim investors included their friends, their family members, and their neighbors, some of whom lost their entire life savings and/or inheritances.  Meanwhile, the defendant and his business partner paid themselves with the victim investors' money which they used to fund their personal lifestyles, which included sponsoring golf tournaments and paying for country club memberships, paying for home renovations including stone mason work and elaborate landscaping, and funding private college education costs for their children.

PSR ¶ 99.  The PSR rightly observes that despite the defendant's age, and lack of criminal history and current psychiatric conditions, the facts of this case weigh against mitigating Defendant Johnson's sentence.  Defendant Johnson's victims will never be made whole.  Not financially, not psychologically.  Not ever.  Defendant Johnson will never be able to replace or fix or repair what he annihilated, which is more than money—he destroyed the trust of those who loved him and

3

believed him.  Defendant Johnson deserves to be in prison for 155-181 months.  The Guidelines range accurately captures the malignancy of his conduct, and his sentence should reflect accordingly.

For all these reasons, the United States respectfully requests that this Court impose a sentence within the Guidelines range of 155-181 months.

                    THOMAS C. ALBUS
                    United States Attorney

                    */s/ Gwendolyn E. Carroll*
                    Gwendolyn E. Carroll #4657003NY
                    Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2025, the foregoing was filed electronically with the Clerk of the Court and sent by email to counsel for the defendant.

                    */s/ Gwendolyn E. Carroll*
                    Gwendolyn E. Carroll #4657003NY
                    Assistant United States Attorney